IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL REEVES                                                                PLAINTIFF

v.                              CIVIL NO. 5:16-CV-5205

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Michael Reeves, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on November 26, 2013, alleging an inability to work since October 1, 2013, due to bipolar disorder, depression and knee problems. (Doc. 9, pp. 72, 87, 102, 118). An administrative video hearing was held on February 5, 2015, at which Plaintiff appeared with counsel and testified. (Doc. 9, pp. 39-69).

By written decision dated July 24, 2015, the ALJ found that Plaintiff had severe impairments of chronic back pain/lumbar strain, bipolar disorder, and closed scaphoid fracture of the left wrist. (Doc. 9, p. 20). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 9, pp. 20-23). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.967(c), except that Plaintiff could perform jobs involving simple tasks and simple instructions. (Doc. 9, pp. 23-30). With the help of a vocational expert (VE), the ALJ determined that Plaintiff could perform his past relevant work as a dishwasher/kitchen helper and cashier. (Doc. 9, p. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on June 29, 2016. (Doc. 9, pp. 6-10). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

3

A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 413.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

## III. Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in his credibility analysis; and 2) the ALJ erred in rejecting the opinion of the treating psychiatrist, Dr. Jeremy Thompson, when determining his RFC. (Doc. 11).

### A. Subjective Complaints and Symptom Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an

4

ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. In a Function Report and a Pain Questionnaire, both dated March 11, 2014, Plaintiff reported that he had trouble sleeping and had days where he could not get out of bed due to the level of pain he was experiencing in his back, joints and knee. (Doc. 9, pp. 269, 272). However, Plaintiff also reported that he had no problems with personal care; prepared simple meals daily; did household chores, including errands for his mother, doing laundry, cooking meals, washing dishes, taking out the trash, trimming hedges, raking leaves, and mowing the grass. (Doc. 9, pp. 272-274). The Report also stated that Plaintiff went outside daily, could drive a car, go out alone, shop in stores for food and clothing, count change, handle a savings account, and use a checkbook or money order. (Doc. 9, p. 275). Plaintiff reported that he enjoyed playing guitar, reading his Bible, and watching television. (Doc. 9, p. 276). Plaintiff stated that he could not walk more than two blocks before needing to rest and that he did not get along well with others; nevertheless, he reported that he spent time with others, talked to friends on the telephone, routinely visited the post office, church, and the store, and presented for doctor's appointments and counseling sessions without needing anyone to accompany him. (Doc. 9, pp. 276-277).

This level of activity belies Plaintiff's complaints of pain and limitation, and the Eighth Circuit has consistently held that the ability to perform such activities contradicts a Plaintiff's

5

subjective allegations of disabling pain. See Hutton v. Apfel, 175 F.3d 651, 654-655 (8th Cir. 1999) (holding ALJ's rejection of claimant's application supported by substantial evidence where daily activities—making breakfast, washing dishes and clothes, visiting friends, watching television and driving—were inconsistent with claim of total disability).

With regard to Plaintiff's physical impairments, medical records showed that Plaintiff was treated conservatively for his chronic back pain. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998); see Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). Furthermore, a review of the record revealed that Plaintiff received minimal medical treatment for his back pain, which is inconsistent with Plaintiff's subjective complaints. (Doc. 9, pp. 428-429, 555-557, 818-819). See Wagner v.. Astrue, 499 F.3d 842, 851 (8th Cir. 2007) (a claimant's subjective allegations may be discredited by evidence they have received minimal medical treatment and/or has taken only occasional pain medications). In January of 2015, Plaintiff was involved in a motor vehicle accident and was also provided conservative treatment at that time, including medication and a splint for his fractured wrist. (Doc. 9, pp. 817, 882-891, 896-897).

With regard to Plaintiff's mental impairments, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff' statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. In support of that finding, the ALJ noted that on many occasions during the relevant time period, Plaintiff experienced some improvement from his medication and therapy. (Doc. 9, pp. 25-30, 543, 545, 547, 549, 596, 625, 629, 632, 640, 840, 844, 846, 850, 852). See Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) (citations omitted) (an impairment which can be controlled by treatment or medication is not considered

disabling). The ALJ also noted that the medical record demonstrated that Plaintiff was non-compliant with treatment on occasion, which also negatively impacted his credibility. (Doc. 9, pp. 25-30, 425, 460, 610, 632). See Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004) (citations omitted) ("Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits."). The ALJ also noted that medical records indicated that Plaintiff may have been less than forthcoming with his treating providers at times and exhibited signs of malingering, which was damaging to Plaintiff's credibility. (Doc. 9, pp. 25-30, 375, 385, 433, 434). "[A]n ALJ may discount a claimant's allegations if there is evidence that a claimant was a malinger or was exaggerating symptoms for financial gain." See Davidson v. Astrue, 578 F.3d 838, 844 (8th Cir. 2009).

While it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity prior to the expiration of his insured status. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

**B.    The ALJ's RFC Determination and Medical Opinions:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700,

704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

"The [social security] regulations provide that a treating physician's opinion ... will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record.'" Prosch v. Apfel, 201 F.3d 1010, 1012-13 (8th Cir. 2000) (citations omitted). An ALJ may discount such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. Id. at 1013. Whether the weight accorded the treating physician's opinion by the ALJ is great or small, the ALJ must give good reasons for that weighting. Id. (citing 20 C.F.R. §§ 404.1527(d)(2)).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform medium work with limitations during the time periods in question. The ALJ discussed the medical opinions of treating, examining, and non-examining medical professionals, including the opinions of Drs. Mary J. Sonntag, Psy.D., Jeremy Thompson, M.D., Abesie Kelly, Ph.D, Kevin Santulli,, Ph.D., and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted).

With regard to Dr. Thompson's findings that Plaintiff had moderate limitations on activities of daily living; marked limitations in maintaining social functioning; deficiencies in concentration, persistence and pace; and repeated episodes of deterioration or decompensation in work or work-like settings; the ALJ gave Dr. Thompson's opinion and findings little weight as they were not supported by Dr. Thompson's own treatment notes or the notes from Plaintiff's treatment at Alternative Opportunities, Inc., where on numerous occasions, Plaintiff was noted to be doing well. Moreover, the ALJ noted that Dr. Thompson's findings were also inconsistent with Plaintiff's own reports on many occasions that he was doing well. Lastly, the ALJ noted that Dr. Thompson's findings were inconsistent with Plaintiff's activities of daily living. Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination.

**C.     Past Relevant Work:**

Plaintiff has the initial burden of proving that he suffers from a medically determinable impairment which precludes the performance of past work. Kirby v. Sullivan, 923 F.2d 1323, 1326 (8th Cir. 1991). Only after the claimant establishes that a disability precludes performance of past relevant work will the burden shift to the Commissioner to prove that the claimant can perform other work. Pickner v. Sullivan, 985 F.2d 401, 403 (8th Cir. 1993).

According to the Commissioner's interpretation of past relevant work, a claimant will not be found to be disabled if she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; *or*
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

20 C.F.R. §§ 416.920(e); S.S.R. 82-61 (1982); Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990) (expressly approving the two part test from S.S.R. 82-61).

Here, the ALJ specifically found that Plaintiff could return to his past relevant work as a dishwasher/kitchen helper and as a cashier. (Doc. 9, p. 30). In doing so, the ALJ relied upon the opinion of a vocational expert, who opined that Plaintiff's past relevant work as a dishwasher/kitchen helper was considered medium, unskilled work and his past relevant work as a cashier was considered light, unskilled work in the Dictionary of Occupational Titles. See Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work.") (citations omitted). Accordingly, the Court finds substantial evidence to support the ALJ's finding that Plaintiff could perform his past relevant work as a dishwasher/kitchen helper and a cashier, as those jobs are generally performed.

**IV.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 29th day of August, 2017.

                                       /s/ *Erin L. Wiedemann*
                                       HON. ERIN L. WIEDEMANN
                                       UNITED STATES MAGISTRATE JUDGE